# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WILLIE C. GREENE,

    Plaintiff,

vs.                                                                                      No. 18-cv-694 KWR-CG

CORRECT CARE SOLUTIONS, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Willie Greene's *Pro Se* Prisoner Civil Rights Complaint (Doc. 1). Green alleges, inter alia, that prison officials were deliberately indifferent to his medical needs and inflicted cruel and unusual punishment in violation of the Eighth Amendment. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

## BACKGROUND[1]

Greene was arrested in Clovis, New Mexico on November 20, 2016. (Doc. 1 at 2). A police K-9 dog purportedly bit Greene when he was already subdued. *Id.* Thereafter, he arrived at the Curry County Detention Center (CCDC). *Id.* He contends prison officials placed him in the general population for seven days without medical attention. *Id.* However, it appears Greene's wounds were treated at some point after the arrest, as he also alleges "his bandages were not checked for seven (7) days." *Id.* In any event, CCDC failed to treat injuries beyond the bite wounds, including an abdominal hernia, swelling of the leg, back and shoulder pain, and skin discoloration. *Id.* at 2.

---

[1] The background facts are taken from Plaintiff's complaint (Doc. 1). For the limited purpose of this ruling, the Court assumes Plaintiff's allegations are true.

Greene submitted sick-call requests for those injuries "start[ing] in October 2017" but did not receive care. *Id.* at 5.

On October 16, 2017, Greene encountered C.O. Stanford while attempting to visit the nurse's office. (Doc. 1 at 3). Green asked if Stanford was going to cuff him before escorting him to the housing pod. *Id.* Stanford allegedly stated "that he didn't need the cuffs and … slammed Greene into a jail wall." *Id.* CCDC officials contend Greene "was agitated and cussing" at the time. *Id.* However, Greene notes that "no write-up was issued to prove such a claim," and he believes Stanford acted out of "pure spite." *Id.* Greene also contends CCDC officials intentionally neglected his medical needs because he is African-American. *Id.* at 4. In December of 2017, Greene submitted several inmate grievances. (Doc. 1 at 3). He alleges that at least one grievance was mishandled because the Grievance Officer did not print her name on the response form. *Id.*

Construed liberally, the Complaint raises claims for cruel and unusual punishment; violation of the Equal Protection Clause; and due process violations based on the defective grievance response. (Doc. 1 at 3-5). Greene seeks unspecified damages from two Defendants, CCDC and Correct Care Solutions (Correct Care). *Id.* at 1-2, 5. He also asks the Court to take action against CCDC so that other inmates will not be mistreated based on race. *Id.* at 5.

## STANDARD OF REVIEW

Greene is proceeding *in forma pauperis*. (Doc. 4). The Court has discretion to dismiss an *in forma pauperis* complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(b). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."

*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

## DISCUSSION

Greene's allegations must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162

3

(10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The Complaint here fails to name a Defendant subject to liability. It is well settled that jail facilities (such as CCDC) are not "persons" under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Aston v. Cunningham*, 216 F.3d 1086, * 5 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued" in a § 1983 action) (unpublished). An entity such as Correct Care can be liable under § 1983, but only if Greene shows: "1) the existence of a … [corporate] policy or custom, and 2) that there is a direct causal link between the [corporate] policy or custom and the injury alleged." *Hinton v. City of Elwood, Kan.,* 997 F.2d 774, 782 (10th Cir. 1993). Greene has not explained how any particular policy promulgated by Correct Care caused the constitutional violations. The Complaint therefore fails to state a claim against the two named Defendants, CCDC and Correct Care.

Further, even if Greene named Defendants subject to liability, the allegations do not rise to the level of a federal constitutional violation. As to the defective grievance response, the Tenth Circuit has repeatedly held "there is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, 443 Fed. App'x 331, 332 (10th Cir. 2011) (collecting cases).[2] "[W]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Boyd*, 443 Fed. App'x at 332 (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Any claim based on the defective

---

[2] *See also Von Hallcy v. Clements*, 519 Fed. App'x. 521, 524 (10th Cir. 2013) (rejecting prisoner's claim that prison director violated due process by providing him with an inadequate prisoner grievance reporting system); *Merryfield v. Jordan*, 431 Fed. App'x. 743, 749-50 (10th Cir. 2011) (same); *Ciempa v. Ward*, 150 Fed. App'x. 905, 906-07 (10th Cir. 2005) (same).

grievance procedure therefore fails as a matter of law.

Plaintiff has also not sufficiently alleged an Eighth Amendment violation. "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017) (quotations omitted). "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (quotations omitted). To establish the subjective prong of the test, the defendant must be "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Complaint here fails to allege any particular person was aware of Greene's medical problems. To the extent Greene also raises an Eighth Amendment cruel-and-unusual-punishment argument based on the dog bite and/or the C.O. slamming him against a wall, the Complaint lacks sufficient facts to analyze these claims. It is not clear who allowed the dog to bite Greene or whether he sustained any injury as a result of the latter application of force. *See, e.g., Whitley v. Albers,* 475 U.S. 312, 321 (1986) (the "extent of injury inflicted" is relevant to the use of force); *Fisher v. City of Las Cruces*, 584 F.3d 888, 893 (10th Cir. 2009) (excessive force claims generally require plaintiff to "suffer[] a non-de minimis injury").

Finally, the Complaint fails to state an equal protection claim based on the denial of medical care. Such claims require the plaintiff to show he was "treated differently from others who were similarly situated to [him]," and that the defendants acted with discriminatory intent. *Carney v. Oklahoma Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017) (quotations omitted); *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988). The Complaint here simply

5

parrots the legal standard, stating "[Greene] was not given prompt and proper medical attention in the way that non-African-American inmates were given assistance." (Doc. 1 at 3). However, "[c]onclusory allegations" that an inmate "was treated differently from others" are "not sufficient to state a constitution violation" under the Equal Protection Clause. *Brown v. Montoya*, 662 F.3d 1152, 1173 (10th Cir. 2011).

For these reasons, Greene's Complaint fails to state a cognizable constitutional claim. The Court will dismiss the Complaint under the *in forma pauperis* screening statute, 28 U.S.C. § 1915(e)(2)(B)(ii). The Tenth Circuit counsels that "if it is at all possible that [the *pro se* inmate] can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, Greene may file an amended complaint within thirty (30) days of entry of this Order. If he declines to amend or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case without further notice.

**IT IS ORDERED** that the Complaint (**Doc. 1**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Greene may file an amended complaint within thirty (30) days of entry of this order.

_____
KEA W. RIGGS
United States District Judge