IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIE C. GREENE,

    Plaintiff,

vs.                                                      No. 18-cv-694 KWR-CG

SERGEANT FNU BENAVIDEZ, *et al*,

    Defendants.

## ORDER DISMISSING JOHN DOE DEFENDANT

This matter is before the Court following Plaintiff Willie Greene's failure to name a John Doe defendant as directed. Greene is incarcerated, *pro se,* and proceeding *in forma pauperis* in this civil rights action. He alleges a John Doe police officer ordered a K-9 dog to bite him and that prison officials were deliberately indifferent to his medical needs. The John Doe officer was not named as a defendant in the caption of the original complaint, which primarily focused on the medical claims. (Doc. 1). Nevertheless, the Court construed the original complaint liberally to include a claim against the John Doe officer. By a ruling entered January 29, 2020, the Court explained that to state a claim under 42 U.S.C. § 1983, the complaint must name the individuals subject to liability and who acted under color of state law. (Doc. 10 at 3). The ruling noted that it was not clear who allowed the K-9 to bite Greene. *Id.* at 5. The Court permitted Greene to file an amended complaint by February 27, 2020.

Greene timely complied, but the amended complaint also failed to name the John Doe officer. The body of the amended complaint merely alleges Greene was arrested by the Clovis Police Department on November 20, 2016, and that "John Doe who handles the K-9 dog [ordered] … the dog to bite plaintiff after he was already subdued." (Doc. 11 at 1). By a second ruling

entered June 22, 2020, the Court ordered service on the named defendants and again directed Greene to name the John Doe officer. The Court explained that "the onus [is] squarely on plaintiffs to track down the whereabouts of defendants" so that the Court can "effectuate service,… even when the plaintiffs are in prison." *Washington v. Correia*, 546 Fed. App'x 786, 789 (10th Cir. 2013). The Order warned that if Greene "fails to timely name the John Doe officer, the Court may dismiss the excessive force claims pertaining to his arrest without prejudice." (Doc. 12 at 3).

The deadline to name the John Doe officer as a defendant was July 31, 2020. Greene did not comply or otherwise respond to the Order. Considering the factors *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2016), which include prejudice, interference with the judicial process, Greene's culpability, and prior warnings, the Court will dismiss all claims against the John Doe officer-defendant. The dismissal will be without prejudice, but the Court recognizes the claims may be time-barred if filed anew. Greene had two opportunities to name the John Doe officer; he provided no explanation for the failure to comply; and he did he request any extensions. The Court therefore concludes that, to the extent Greene ever intended to sue the John Doe officer, has abandoned those claims in the context of this lawsuit. This Order has no impact on the remaining claims, which have been referred to the Hon. Carmen Garza for a recommended ruling.

**IT IS ORDERED** that all claims against the John Doe Clovis Police Officer who released his K-9 dog on Greene on November 20, 2016 are **DISMISSED WITHOUT PREJUDICE.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE